No. 23-1235

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

RANDY RICHARDSON,

*Plaintiff-Appellant*,

v.

PRINCE GEORGE'S COUNTY, ANGELA ALSOBROOKS,
AND MELINDA BOLLING,

*Defendants-Appellees*.

_____

Appeal from the United States District Court
for the District of Maryland, Greenbelt Division
Case No. 8:22-cv-00487

_____

**REPLY BRIEF OF APPELLANT RANDY RICHARDSON**
_____

JORDAN HOWLETTE
Managing Attorney
JD Howlette Law
1140 3rd St. NE
Washington, DC 2002
Tel: (202) 921-6005
Fax: (202) 921-7102
jordan@jdhowlettelaw.com
*Counsel for Plaintiff-Appellant*

# TABLE OF CONTENTS

**Page**

Table of Authorities .................................................................................... ii

Introduction ................................................................................................ 1

Argument ................................................................................................... 3

I.    The district court erred in granting Appellees' motion for judgment on the pleadings based upon its finding that Richardson's claims were "too speculative" for Article III purposes ....... 3

    A.    Richardson sufficiently pled facts that show DPIE's unjust barrier caused him to suffer a concrete and particularized injury that was actual ................................................. 3

II.    The II. Richardson should have been afforded an opportunity to present the substantial evidence gathered in discovery that filled in any potential gaps in his Complaint ............................................ 6

Conclusion .................................................................................................. 7

Certificate of Compliance ........................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Carney v. Adams*, 141 S. Ct. 493 (2020) ..............................................................3, 4

*Gratz v. Bollinger*, 539 U.S. 244 (2003)...............................................................3, 4

*Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310 (2nd Cir. 2011) ..............................6

*Northeastern Fla. Chapter, Associated Gen. Contractors of America v. Jacksonville*, 508 U.S. 656 (1993)................................................3

**Rules**

Fed. R. Civ. P. 12(c)........................................................................................ passim

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

RANDY RICHARDSON,

*Plaintiff-Appellant*,

v.

PRINCE GEORGE'S COUNTY, ANGELA ALSOBROOKS,
AND MELINDA BOLLING,

*Defendants-Appellees*.

_____

Appeal from the United States District Court
for the District of Maryland, Greenbelt Division
Case No. 8:22-cv-00487
_____

REPLY BRIEF OF APPELLANT RANDY RICHARDSON
_____

In this equal protection case, Appellant Randy Richardson ("Richardson") challenged the unjust, arbitrary barrier erected by Appellees that deprived him of the opportunity to participate in the local permitting process on an equal playing field with that of similarly situated businesses. The contested barrier stemmed from statements made by representatives of Prince Goerge's County Department of Permitting, Inspections and Enforcement ("DPIE") about Richardson's prospects of securing a Use and Occupancy ("U&O") permit for his business at Iverson Mall. Specifically, Richardson alleged that DPIE officials consistently communicated that they could not grant him a U&O permit until Iverson Mall itself secured one.

1

*See* J.A. 009, 010, 012, 014, 015, 016, 019, 020, and 023. Yet, Richardson argues that such a stipulation or condition was not enforced for other Iverson Mall tenants seeking U&O permits, notably Shoppers World, Burlington Coat Factory, and Chipotle Mexican Grill. *See* J.A. 010 and 015. When Richardson sought clarity on this disparate treatment, he was told by DPIE officials that the rationale was "above their paygrade," J.A. 014, or that they were otherwise not privy to the information, J.A. 016.

In their brief, Appellees argue that Richardson was unable to articulate any concrete, particularized, and actual injury because he never applied for the U&O permit and because he met with County officials to develop a long-term solution. *See* Appellees' Brief, p. 14. But as Richardson argued in his opening the brief, the former is not required to establish an injury-in-fact in an equal protection case, and the latter requires the consideration of facts that lie beyond the pleadings. Appellees also contend that Rule 12(c)'s purpose would be defeated by denying a timely filed motion for judgment on the pleadings because discovery was conducted. Notwithstanding Appellees' failure to cite to any supporting authority for their position, the case law cited in Richardson's opening brief sufficiently undermines the general assertion. *See* Appellant's Brief, p. 31-32.

Accordingly, and for the reasons set forth herein and in Richardson's opening brief, Appellees' arguments are unconvincing.

# ARGUMENT

I. **The district court erred in granting Appellees' motion for judgment on the pleadings based upon its finding that Richardson's claims were "too speculative" for Article III purposes.**

   A. **Richardson sufficiently pled facts that show DPIE's unjust barrier caused him to suffer a concrete and particularized injury that was actual.**

In granting Appellees' motion for judgment on the pleadings, the district court held that Richardson's claims were "too speculative for Article III purposes" because the allegations in the Complaint failed to demonstrate that his efforts to obtain a permit were futile. J.A. 101. The district court based its decision on the fact that Richardson had not applied for or been denied a U&O permit. J.A. 101. And similar to the district court, Appellees incorrectly focus on the application for a U&O permit rather than Richardson's challenge to the hurdles imposed by DPIE that denied him the opportunity to participate in the local permit procurement process on an equal basis with other tenants at Iverson Mall. *See, e.g.*, *Carney v. Adams*, 141 S. Ct. 493, 503 (2020) ("[A]n aggrieved party need not allege that he would have obtained the benefit but for the [unlawful] barrier in order to establish standing.") (citation omitted); *Northeastern Fla. Chapter, Associated Gen. Contractors of America v. Jacksonville*, 508 U.S. 656, 666 (1993) ("When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former

3

group seeking to challenge the barrier need not allege that he would have obtained the benefit but for the barrier in order to establish standing.").

To be clear, it is DPIE's deceitful double-standard (barrier) that deprived Richardson of equal protection under the law, in violation of his constitutional rights. *Cf Gratz v. Bollinger*, 539 U.S. 244, 262 (2003) ("The 'injury in fact' in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit") (citation omitted). Richardson sufficiently alleged as much throughout his Complaint. *See* J.A. 009, 010, 012, 014, 015, 016, 019, 020, and 023. And Richardson further alleged that he was able and ready to apply for the U&O permit. *See* J.A. 011, 013, 014, 019, and 026; *see also Gratz*, 539 U.S. at 262 (concluding that the plaintiff had Article III standing to pursue his equal protection claims upon showing that he was able and ready to apply to the challenged transfer program).

Appellees further argue that Iverson Mall's code violations do not render Richardson's efforts futile. Appellees' Brief, p. 14. Richardson can establish Article III standing without applying for a U&O permit if doing so would have been a mere futile gesture. *See Carney*, 141 S. Ct. at 503 ("[O]ur precendents have...said that a plaintiff need not translate his or her desire for a job...into a formal application where that application would be merely a futile gesture.")

4

(internal quotation marks omitted) (cleaned up). According to Appellees, DPIE's representations to Richardson that "his U&O permit approval is contingent upon Iverson Mall resolving permitting issues does not constitute futility but merely a delay." Appellees' Brief, pp. 14-16.[1] But Appellees conveniently ignore that Richardson's claims challenge DPIE's imposition of a discriminatory condition on the issuance of the U&O permit he sought to obtain, while simultaneously refusing to impose the same condition on other Iverson Mall tenants. Through that (correct) lens, Richardson's Complaint sets forth sufficient facts to make a substantial showing that applying for a U&O permit would have been a futile effort. *See* J.A. 013, 014, 019, and 026.

Finally, Appellees contend that Richardson's unjust barrier argument fails based on his own admissions that he met with various DPIE officials, County Executive officials and the Chair of the County Council regarding his permitting issues. Appellees Brief, p. 15. First, Appellees do not cite to any authority that supports their contention. Second, Appellees seemingly suggest that an aggrieved party is precluded from pursing an equal protection claim if that party engages in efforts to rectify the matter by seeking assistance from County officials— unsuccessfully. A puzzling position that finds no support whatsoever in the case

---

[1] Appellees—again—introduce new evidence to refute Richardson's "able and ready" claim, but as they concede, consideration of that evidence would necessarily turn Appellees' Rule 12(c) motion into one for summary judgment.

5

law.[2] Thus, Richardson's unsuccessful efforts in seeking assistance both in and outside of DPIE has no bearing on the Article III standing analysis in the context of his equal protection claims.

## II. Richardson should have been afforded an opportunity to present the substantial evidence he gathered in discovery that filled in any potential gaps in his Complaint.

Appellees contend that Rule 12(c)'s purpose would be defeated by denying a timely filed motion for judgment on the pleadings because discovery was conducted. Appellees' Brief, p. 17. Yet, Appellees' brief is rife with factual allegations that are nowhere to be found in the pleadings. Nonetheless, Appellees' broad, bright-line proposition is simply unsupported by the case law, as underscored by the authority cited in Richardson's opening brief. *See, e.g.*, *Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 320 (2nd Cir. 2011) (holding that the district court erred in dismissing plaintiff's complaint under Rule 12(c) when evidence produced in discovery could fill the perceived gaps in the complaint); *see*

---

[2] It is worth mentioning that Appellees repeatedly misconstrue the record regarding Richardson's efforts throughout their brief. For example, citing to pages 16 and 102 of the Joint Appendix, Appellees claim that Richardson declined to attend a meeting with former DPIE Director Melinda Bolling. *See* Appellees' Brief, pp. 15 and 21. Not only is the record void of any such fact, but the allegation is simply not true—Ms. Bolling cancelled the meeting at the last minute and expressed regret for doing so.[2] As Appellees concede in their brief, "to permit the introduction of evidence not referenced or cited in the complaint would convert a motion for judgment on the pleadings to a summary judgment[.]" Appellees' Brief, p. 8.

6

*also Stevens v. Showalter*, 458 B.R. 852, 857 (D. Md. 2011) ("[T]here is at least some authority for the proposition that *Twombly* and *Iqbal* do not require dismissal of a suit where discovery and/or trial have filled in any potential gaps in the plaintiff's complaint."). In light of the substantial discovery that occurred after Appellees filed their motion for judgment on the pleadings, Richardson should have been afforded—at a minimum—an opportunity to present the evidence gathered in discovery that filled in the gaps the district court identified in Richardson's Complaint.

## CONCLUSION

For the reasons stated herein and in Richardson's opening brief, Appellant Randy Richardson respectfully requests that the Court reverse the district court's decision, and remand the case with directions to the district court to deny Defendants' Motion for Judgment on the Pleadings.

\\

\\

\\

\\

\\

\\

\\

7

Dated:  August 18, 2023

>*/s/ Jordan D. Howlette*
>JORDAN D. HOWLETTE
>MD Bar No.: 2006110003
>Managing Attorney
>JD Howlette Law
>1140 3rd St. NE
>Washington, DC 20002
>Tel: (202) 921-6005
>Fax: (202) 921-7102
>jordan@jdhowlettelaw.com
>*Counsel for Plaintiff-Appellant*

8

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

I hereby certify that, in accordance with Rule 32(g) of the Federal Rules of Appellate Procedure:

1. This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), the brief contains 1,537 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in Times New Roman, 14-point font.

Dated: August 18, 2023

                                        Respectfully submitted,

                                        */s/ Jordan D. Howlette*
                                        JORDAN D. HOWLETTE
                                        Managing Attorney
                                        JD Howlette Law